**United States District Court**
**District of Massachusetts**

```
                                    )
PATSY RUTH LONG and                 )
JAMES LONG, JR.,                    )
         Plaintiffs,                )
                                    )    Civil Action No.
         v.                         )    12-11758-NMG
                                    )
MATRIX FINANCIAL SERVICES           )
CORPORATION,                        )
         Defendant.                 )
                                    )
```

**MEMORANDUM & ORDER**

**GORTON, J.**

This dispute concerns the foreclosure of a property located
at 149 Adams Street in Lexington, Massachusetts ("the Property").
The Property was formerly owned and is currently occupied by
James and Patricia Long ("plaintiffs" or "the Longs").
Plaintiffs, appearing pro se, allege that Defendant Matrix
Financial Services Corporation ("defendant" or "Matrix") engaged
in unlawful business activity and unfair practices with respect
to plaintiffs and other entities.

Pending before the Court are defendant's motion to dismiss
plaintiffs' complaint and plaintiffs' motion for leave to amend
their pleadings. For the reasons that follow, the Court finds
plaintiffs' claims are barred by the doctrine of res judicata and
must be dismissed.

-1-

## I.   **Background**

The impetus for plaintiffs' claims began in 1996, when a loan servicer allegedly duped them into signing an unfavorable loan modification agreement. The plaintiffs' defaulted on that loan in the same year and have sought to forestall foreclosure in virtually every legal forum since then. Altogether, the Longs filed four voluntary bankruptcy petitions, in 1997, 2002, 2005 and 2008, with each petition resulting in dismissal. They unsuccessfully contested Matrix's proof of claim as part of the 2005 proceeding. In August, 2009, after their most recent bankruptcy petition failed, the Longs sought emergency injunctive relief in the Massachusetts Superior Court for Middlesex County to prevent foreclosure. Defendant removed that case to another Session of this Court where, after a hearing, plaintiffs' motion was denied and the case was dismissed.

Most germane to the pending motions is the fact that the parties litigated fully in state court all of the issues material to this action. On August 21, 2009, the same day that plaintiff's emergency motion was denied by another Session of this Court, defendant foreclosed upon the Property and purchased it at auction. When the Longs refused to vacate the Property, Matrix initiated summary process in the appropriate Massachusetts District Court. That District Court awarded defendant possession of the Property in January, 2010, a judgment which was upheld on

appeal in state court.

Upon the resolution of the summary process, the Longs, in July, 2012, sought to enjoin the pending "lock-out" by filing a second action in Massachusetts Superior Court for Middlesex County.  They then filed a complaint and an emergency motion for relief in this Court in September, 2012, while that second Superior Court action was pending.[1]

Defendant opposed the motion and moved to dismiss the complaint on several grounds, including the doctrine of res judicata.  At a hearing in October, 2012, this Court denied plaintiffs' emergency motion and instructed plaintiffs to file their opposition to the pending motion to dismiss, if any, within two weeks.  Plaintiffs did so and also moved to amend their pleadings, purportedly in compliance with this Court's order, arguing that defendant engaged in fraudulent conduct by failing to register as a foreign corporation doing business in Massachusetts.

## II.  **Analysis**

The doctrine of res judicata, or "claim preclusion," disposes of plaintiffs' claims.  When considering the preclusive effect of a Massachusetts state court adjudication, federal courts are to apply the doctrine of res judicata as interpreted

---

[1] On January 3, 2013, the Middlesex Superior Court denied plaintiffs' motion for injunctive relief and dismissed their claims based upon the doctrine of res judicata.

under Massachusetts law. Cavic v. Am.'s Servicing Co., 806 F. Supp. 2d 288, 291 (D. Mass. 2011) (citing Giragosian v. Ryan, 547 F.3d 59, 63 (1st Cir. 2008)). Under Massachusetts law, claim preclusion prevents the relitigation of any claim that a litigant had the opportunity and incentive to litigate fully in an earlier action. Id. The party seeking preclusion must establish three essential elements: (1) the identity or privity of the parties to the present and prior actions; (2) the identity of the causes of action; and (3) a prior final judgment on the merits. Id. (internal citations omitted). With respect to the second element, Massachusetts courts find causes of action to be identical if they derive from the same transaction or series of connected transactions. Giragosian, 547 F.3d at 63.

Here, defendant's summary process adjudicated in the Massachusetts District Court readily satisfies all three elements. First, both the Longs and Matrix were parties to that action, as reflected in the docket provided by defendants. See Andrew Robinson Int'l, Inc. v. Hartford Fire Ins. Co., 547 F.3d 48, 51 (1st Cir. 2008) (noting on motion to dismiss premised on res judicata court may consider record from original action).

Second, both actions derive from the foreclosure sale of the Property by Matrix and its right to own and possess the Property. There is, therefore, an identity of the causes of action. In order to obtain judgment by summary process the evicting party

-4-

must show that it obtained a deed to the property at issue and
that the deed and affidavit of sale, showing compliance with
statutory foreclosure requirements, were recorded. Bank of New
York v. Bailey, 951 N.E.2d 331, 336 (Mass. 2011). Challenges to
the lawfulness of the foreclosure, Matrix's standing to foreclose
and its superior right to possession require relitigating issues
already decided by the Massachusetts District Court. See Wenzel
v. Sand Canyon Corp., 841 F. Supp. 2d 480-481 (D. Mass. 2012),
overruled on other grounds by Culhane v. Aurora Loan Services of
Nebraska, Civ No. 12-1285, 2013 WL 563374, at *4-5 (1st Cir. Feb.
15, 2013) (noting former owner had "full opportunity" to raise
such issue when foreclosing lender brings action to recover
possession in Housing or District Court).

     Third, as discussed supra, the summary process resulted in a
decision on the merits of the foreclosure. That determination
became final when, in May, 2012, the Supreme Judicial Court
refused plaintiffs' request for further review.

     Defendant's successful invocation of the doctrine of res
judicata requires dismissal of plaintiff's claims and,
necessarily, denial of plaintiffs' motion to amend their claim.

**ORDER**

In accordance with the foregoing, defendant's motion to dismiss (Docket No. 11) is **ALLOWED,** plaintiffs motion to amend the complaint (Docket No. 14) is **DENIED** and the case is **DISMISSED.**

**So ordered.**

Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated April 2 , 2013